JOYCE MANN ROTHMAN v. JACOB ROTHMAN
AND
JACOB ROTHMAN v. JOYCE MANN ROTHMAN, ISRAEL MANN AND RUTH MANN

No. 6912DC469

(Filed 22 October 1969)

1. **Divorce and Alimony § 24— custody of the child — welfare as consideration**

     The primary consideration in custody cases is the welfare of the child or children involved.

2. **Divorce and Alimony § 24— modification of custody order — change of circumstances**

     A change in circumstances must be shown before an order relating to custody, support, or alimony may be modified.

3. **Divorce and Alimony § 22— modification of child-custody decree entered by foreign court**

     In order that a court in this state may be entitled to modify a child-custody decree entered by a court in another state, the court in this state must gain jurisdiction, and a change of circumstances must be shown. G.S. 50-13.7(b).

4. **Divorce and Alimony § 22— modification of child-custody order entered by foreign court — jurisdiction**

     When a child is physically present within the boundaries of this state,

a court in this state has jurisdiction, upon a proper showing, to modify a decree entered by the court of another state which pertains to the custody of the child. G.S. 50-13.5(c)(2)(a).

**5. Divorce and Alimony § 22;   Constitutional Law § 26—   foreign child-custody decree — modification — full faith and credit**

A decree awarding the custody of a child, entered by the court of another state in an action for divorce from bed and board, is entitled to full faith and credit in the courts of this state, unless a change of circumstances is shown which would justify a modification of the decree. U. S. Constitution, Art. IV, § 1.

**6. Divorce and Alimony § 22—   modification of foreign child-custody decree — res judicata**

In a proceeding in this state to determine the custody of a child who had been awarded to one parent by a custody decree of a court of another state, the doctrine of *res judicata* is inapplicable to bar an inquiry as to whether circumstances had changed since the date of the decree.

**7. Divorce and Alimony § 24—   modification of child-custody decree — change of circumstances**

To justify the modification of a child-custody decree, it must be shown that circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified.

APPEAL by defendant Jacob Rothman from *Stuhl, District Judge,* 29 May 1969 Civil Session, HOKE District Court.

Jacob Rothman was served with notice on 4 May 1969 of an action by Joyce Mann Rothman, filed on 4 May 1969, wherein she prayed for child custody, reasonable child support and alimony, both pendente lite and permanent. In turn Joyce Mann Rothman and her parents, Israel and Ruth Mann, were served with notice of a writ of habeas corpus on 14 May 1969. The writ was initiated by Jacob Rothman on 13 May 1969 wherein he sought custody of Charles Hyam Rothman, minor child of the marriage. The two actions were consolidated for hearing in the Hoke County District Court and, by stipulation, for appeal to this Court. Hereafter, Joyce Mann Rothman will sometimes be referred to as plaintiff and Jacob Rothman will sometimes be referred to as defendant.

From the record, it appears that defendant had obtained a valid divorce from bed and board from plaintiff on 25 April 1969 in the Law and Equity Court of the City of Richmond, Virginia, and was awarded temporary custody of Charles Hyam Rothman. The action was initiated by Jacob Rothman in that court on 10 January 1969. Both parents and the child were residing in Richmond, Virginia, at the institution of the action, and Joyce Mann Rothman appeared both personally and through counsel in the proceedings therein. In

the Virginia decree the court found as facts, *inter alia*, that the parties were lawfully married in Richmond, Virginia, on 31 December 1967, that one child, Charles Hyam Rothman, was born of the marriage on 12 October 1968 and that Jacob Rothman had satisfied the residence requirements requisite to instituting the action. The judge further found that the charge of cruelty and constructive desertion of Jacob Rothman by Joyce Mann Rothman had been fully proved by the evidence and that Jacob Rothman was entitled to the relief prayed for.

During the course of the Virginia proceedings Joyce Mann Rothman received the court's permission to leave temporarily the State of Virginia and take the minor child to Raeford, North Carolina, to the home of her parents upon the condition that she return for a hearing in the matter scheduled for 17 March 1969. She did not return for the hearing and an order was issued on 18 April 1969 finding her to be in contempt of court.

On or about 4 May 1969 defendant came to Raeford, North Carolina, to pick up Charles Hyam Rothman pursuant to the Virginia decree of 25 April 1969. He was thereupon served with notice of the present action. He in turn instituted an action seeking a writ of habeas corpus for custody of the child based on the Virginia decree.

At the hearing, before any evidence had been introduced, defendant moved that the Virginia decree be given full faith and credit and introduced portions of the records of the Virginia proceeding to support his position. Judge Stuhl denied this motion. Defendant then moved that the action be dismissed under the doctrine of *res judicata* on the ground that the Virginia decree was binding as to all matters and things which transpired before 25 April 1969, the date of the Virginia decree, and that plaintiff had not alleged any change of condition upon which an order could be based to alter the terms of the Virginia decree. Judge Stuhl also denied this motion and indicated that he would proceed to hear the case as if it were before the court for the first time. Defendant objected and was overruled.

After the hearing Judge Stuhl made the following findings of fact: that the parties were married on or about 31 December 1967 in Richmond, Virginia, that Charles Hyam Rothman was born of the marriage on 12 October 1968 and that plaintiff was a fit and proper person to have custody of the minor child. From these findings Judge Stuhl made the following conclusions of law: that plaintiff is a fit and proper person to have custody of the child, that de-

fendant should be required to assist in the support, maintenance and subsistence of the minor child and that defendant should be allowed visitation rights. Judge Stuhl then ordered that defendant's writ of habeas corpus be denied, that plaintiff be given sole custody of the child, that defendant pay plaintiff $75 per month for child support, that defendant have reasonable visitation rights with the child, to take place exclusively in Hoke County, and that the cause be retained pending further orders of the court.

Defendant appealed to this Court.

*Moses and Diehl, by Philip A. Diehl, for plaintiff appellee.*

*Bryant, Lipton, Bryant and Battle, by James B. Maxwell, and Minor, Thompson, Savage and Smithers, by Joseph B. Bendetti, of Richmond, Virginia, for defendant appellant.*

MORRIS, J.

This is an alimony and child custody proceeding which raises questions of conflicts of laws. Defendant presents four assignments of error. The first is directed to the refusal of the court to grant full faith and credit to the Virginia decree, the second is directed to the refusal of the court to dismiss the action under the doctrine of *res judicata,* the third is to the court's receiving evidence at the hearing and to the court's findings of fact and conclusions of law, and the fourth is to the signing of the order. We will consider these assignments of error collectively.

[1-3]    The cases are legion on the point that the primary consideration in custody cases is the welfare of the child or children involved. It is well established in North Carolina that a change in circumstances must be shown before an order relating to custody, support or alimony may be modified. *Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357 (1968); *In Re Marlowe,* 268 N.C. 197, 150 S.E. 2d 204 (1966); *Elmore v. Elmore,* 4 N.C. App. 192, 166 S.E. 2d 506 (1969) and statutes, texts and cases there cited. G.S. 50-13.7, cited in *Elmore,* entitled "Modification of order for child support or custody" states:

> "(b)    When an order for custody or support, or both, of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support or custody which modifies or supersedes such order for custody or support."

The facts of this case dictate that this statute must be applied and that in order for the Hoke County District Court to modify the Virginia decree, that court must gain jurisdiction and a change of circumstances must be shown.

**[4, 5]** By virtue of the physical presence of the child within the boundaries of this State, the Hoke County District Court has jurisdiction, upon a proper showing, to modify the Virginia decree as it pertains to the custody of the child. G.S. 50-13.5(c)(2)a. It is apparent from the record that plaintiff neither alleges nor proves any change of circumstance which would justify the Hoke County District Court in modifying the Virginia decree as it did by awarding custody of the minor child to plaintiff. Plaintiff cites in her brief *In Re Craigo*, 266 N.C. 92, 145 S.E. 2d 376 (1965), and *Cleeland v. Cleeland*, 249 N.C. 16, 105 S.E. 2d 114 (1958), on the point that the full faith and credit clause of the United States Constitution, Article IV, Section 1, does not conclusively bind the North Carolina courts to give greater effect to a decree of another state than it has in that state or to treat as final and conclusive an order of a sister state which is interlocutory in nature. We agree. However, those cases are applicable only in determining that the courts of North Carolina may hear matters in a custody proceeding. There must still be a showing of changed circumstances before our courts may modify the order of a sister state, a fact which plaintiff admits in her brief.

**[5]** Section 20-108, Code of Virginia (1950), provides:

> "The court may, from time to time after decreeing as provided in the preceding section (power to confer custody), on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

It is obvious that both Virginia and North Carolina permit modification of custody decrees. Whatever Virginia may do in this respect, North Carolina may do. See *New York ex rel Halvey v. Halvey*, 330 U.S. 610, 67 S. Ct. 903, 91 L. Ed. 1133 (1947); *Dees v. McKenna*, 261 N.C. 373, 134 S.E. 2d 644 (1964). For the North Carolina courts to modify a Virginia child custody decree would not give any greater effect to the laws of Virginia. In this case the full faith and credit clause requires that the Virginia decree be honored unless a change

of circumstance is shown which would justify our courts in modifying the decree.

We must conclude from the record before us that the Law and Equity Court of the City of Richmond, Virginia, had jurisdiction to hear the divorce action filed by Jacob Rothman, that the decree entered was valid and that said decree is entitled to full faith and credit by the courts of North Carolina in the absence of a change of circumstances.

[6] The doctrine of *res judicata* is not applicable in this case since it would only bar relitigation of issues as they existed on 25 April 1969, the date of the Virginia decree, and would not bar a hearing to determine whether circumstances had changed since the date of that decree. *New York ex rel Halvey v. Halvey, supra.* See also *Thomas v. Thomas,* 248 N.C. 269, 103 S.E. 2d 371 (1958).

[7] Professor Lee points out in his treatise on North Carolina Family Law that there must generally be a substantial change of circumstances before an order of custody is changed. 3 Lee, North Carolina Family Law, (1963), § 226. This indicates that more must be shown than a removal by one parent of a child from a jurisdiction which may enter an adverse decision to the removing parent. It must be shown that circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified.

For the reasons stated herein, the order of Judge Stuhl must be vacated, and the cause is remanded for the entry of an order placing custody of Charles Hyam Rothman in Jacob Rothman in accordance with the Virginia decree.

Reversed and remanded.

MALLARD, C.J., and HEDRICK, J., concur.