Carmichael v. Carmichael

EVELYN SMITH CARMICHAEL v. ENSLEY MARSHALL CARMICHAEL

No. 783DC364

(Filed 6 March 1979)

**Divorce and Alimony § 25.9— child custody—plaintiff's employment—changed conditions—sufficiency of evidence**

　　Evidence of changed conditions was sufficient to support the trial court's order changing custody of the parties' minor child from defendant to plaintiff where such evidence tended to show that, at the time the prior order of custody was entered, plaintiff was working from 11:00 p.m. to 7:00 a.m.; the child needed greater stability and consistency in her life, as she was carted from defendant's home to her paternal grandmother's residence, to school, to plaintiff's residence, back to her paternal grandmother's residence and back to defendant's residence during the course of each day; and, at the time the change of custody order was entered, plaintiff was no longer working from 11:00 p.m. to 7:00 a.m. and had ample time to provide for the care of her minor child.

APPEAL by defendant from *Aycock, Judge.* Order entered 7 December 1977 in District Court, PITT County. Heard in the Court of Appeals 31 January 1979.

The trial court entered judgment on 9 March 1977 granting the plaintiff an absolute divorce from the defendant and awarding custody of the parties' minor child to the defendant. The plaintiff filed a motion in the cause on 24 October 1977 seeking to have that judgment modified so as to order that custody of the child be granted to her. After a hearing on the motion, the trial court found among other things that the plaintiff was no longer working from 11:00 p.m. until 7:00 a.m., as had previously been the case, and that the child's welfare would best be provided for by granting custody of the child to the plaintiff. Based upon these findings, the trial court entered an order granting custody of the child to the plaintiff. From the entry of that order, the defendant appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*James, Hite, Cavendish & Blount, by M. E. Cavendish, for plaintiff appellee.*

*Lanier & McPherson, by Jeffrey L. Miller, for defendant appellant.*

MITCHELL, Judge.

A judgment in a divorce action may contain provisions respecting child custody when that issue has been properly presented to the court. If such judgment does contain provisions respecting child custody, then "from time to time such provisions may be modified upon due notice. and hearing and a showing of a substantial change in condition." G.S. 50-11.2. *See also* G.S. 50-13.7. In the present case, the defendant contends that there has been no showing of a substantial change in condition.

At the conclusion of the hearing on this matter, the trial court found that the minor child's normal day began at 6:00 a.m. while she was in the custody of the defendant. The defendant then carried the child to her paternal grandmother's residence where she remained until it was time for her to leave for school. After school, the child would go to the plaintiff's residence where she remained until 6:00 p.m. At that time, the plaintiff would carry the child to her paternal grandmother's residence. Sometime thereafter, the defendant would pick up the child and return her to his home.

The trial court further found that at the time the prior judgment was entered, the plaintiff was employed as a nurse and was working at her place of employment from 11:00 p.m. until 7:00 a.m. The trial court also found that the plaintiff was no longer employed as a nurse, that her new working schedule allowed her ample time to provide for the care of her minor child and that the child needed more stability and consistency in her environment. Based upon these findings, the trial court concluded that there had been a substantial and material change of circumstances and that the best interests and welfare of the child would be promoted by awarding custody to the plaintiff.

As the trial court's findings of fact are supported by competent evidence, they must be considered conclusive on appeal. *In re Bowen*, 7 N.C. App. 236, 172 S.E. 2d 62 (1970). Therefore, the only question remaining for our determination is whether the facts as found by the trial court reveal a substantial change in condition.

A change in condition is substantial if the change would affect the best interests and welfare of the child. *See Rothman v.*

Carmichael v. Carmichael

*Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140 (1969). The plaintiff's change in employment provided her with the opportunity and ability to provide stability and consistency to her child's life. The child was in need of greater stability and consistency in her life. Therefore, the change affected the best interests of the child and was a substantial change in condition sufficient to support a modification of the court's prior provisions for custody of the child.

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.