MARGARET ANN GARRETT, (KAYLEY ROSE RADEL), Plaintiff v. DONALD F. GARRETT, Defendant

No. COA94-1421

(Filed 19 December 1995)

1. **Contempt of Court § 25 (NCI4th)— civil contempt without notice and hearing—error**

   The trial court erred in finding civil contempt by plaintiff where the court determined that plaintiff's failure to appear at a child custody modification hearing created the jeopardy of contempt, then immediately found plaintiff to be in actual contempt; the court did not hold a proceeding pursuant to N.C.G.S. § 5A-23; and plaintiff was not given any notice of the contempt proceeding.

   **Am Jur 2d, Contempt §§ 5, 7, 180, 181, 193-203.**

   **Contempt proceedings as violating procedural due process-Supreme Court cases. 39 L. Ed. 2d 1031.**

2. **Divorce and Separation § 365 (NCI4th)— change of mother's residence—failure to show adverse effect on children—change of custody erroneous**

   The trial court erred in finding that substantial and material changes had occurred since the parties' post-separation custody order which warranted a change in custody from the mother to the father, since the court found that plaintiff mother's residence had changed from North Carolina to New Mexico, but the court did not demonstrate a nexus between the change of circumstances and a concomitant adverse effect on the children involved.

   **Am Jur 2d, Divorce and Separation §§ 988, 989.**

   **Desire of child as to geographical location of residence or domicile as factor in awarding custody or terminating parental rights. 10 ALR4th 827.**

   **Propriety of awarding custody of child to parent residing or intending to reside in foreign country. 20 ALR4th 677.**

GARRETT v. GARRETT

[121 N.C. App. 192 (1995)]

Appeal by plaintiff from orders entered 29 June 1994 and 30 August 1994 by Judge Shirley H. Brown in Buncombe County District Court. Heard in the Court of Appeals 29 September 1995.

*Robert E. Riddle, P.A., by Robert E. Riddle, for plaintiff appellant.*

*Devere Lentz & Associates, by David B. Thornton, for defendant appellee.*

SMITH, Judge.

Plaintiff Kayley Rose Radel argues the trial court erred in finding her in civil contempt of court, and in its decision to change custody of her children from her to her former husband. Plaintiff asserts the finding of contempt is improper because it was initiated by the trial court without the required statutory notice. Plaintiff argues next that the trial court erred by divesting her of custody through conclusory findings, without applying the "adverse effect" and "best interest" analyses required by case law. We agree with plaintiff's contentions. Accordingly, we vacate the trial court's 29 June 1994 contempt judgment, reverse the trial court's custody order of 30 August 1994, and remand for rehearing consistent with this opinion.

Plaintiff and defendant were married on 6 July 1974. Three children were born of the marriage. The parties separated on 24 March 1989, and were subsequently divorced. Plaintiff was awarded primary custody of the three minor children by the trial court's judgment and order (Order) of 15 February 1990. This Order established a visitation schedule, and included the following provision:

(j)  The Defendant shall transport the children for visitation purposes; however, if either party moves a distance greater than ten (10) miles, then the parties agree to renegotiate for transportation . . . .

At the time of the Order, plaintiff, defendant and the children resided in Old Fort, North Carolina. On 17 April 1994, plaintiff informed defendant by letter of her intent to relocate to Santa Fe, New Mexico, with the children. On or about 8 May 1994, plaintiff moved to Santa Fe, for the purpose of attending graduate school. After the move, the children were enrolled in the Santa Fe school system, where they finished the 1994 school year, and progressed to the next grade.

GARRETT v. GARRETT

[121 N.C. App. 192 (1995)]

Defendant filed a motion for change of custody on 29 April 1994. In response, the trial judge entered an order, which was served on plaintiff 3 June 1994, requiring plaintiff and children to appear in Buncombe County District Court on 27 June 1994. On 14 June 1994, plaintiff filed a motion requesting a continuance. Neither plaintiff nor the children appeared on 27 June 1994, though plaintiff's counsel did appear. On 29 June 1994 the trial court entered an order denying the motion for continuance, finding plaintiff in contempt of court, and ordering plaintiff to deliver temporary custody of the children to defendant. Pursuant to this order, defendant went to Santa Fe on 4 July 1994, where he assumed custody of the children. A hearing to determine permanent custody was held on 15-16 August 1994.

At the permanent custody hearing, defendant testified about his relationship with the children and discussed the nascent economic and emotional stability of his household. Defendant also offered evidence of his good character and fitness as a father. For instance, one friend of defendant described him as "encouraging and caring." Defendant's present wife expressed her desire to care for the children.

Plaintiff testified about her reasons for seeking the move to New Mexico and about the children's positive academic, emotional and social progress there. Plaintiff also offered the testimony of several of the children's former teachers from Old Fort. This testimony tended to show plaintiff's active involvement with the children's education, and the children's responsiveness to plaintiff. Other witnesses for plaintiff included friends and neighbors, all of whom characterized plaintiff as having exceptional parenting skills. These witnesses generally emphasized plaintiff's focus on the needs of the children, and plaintiff's cultivation of the children's intellectual growth.

In its permanent custody decision, the trial court found that substantial and material changes had occurred since the post-separation custody order, and awarded father primary custody. The trial court made this custody switch defeasible, holding that primary custody would return to plaintiff if plaintiff came back to Old Fort "within a reasonable length of time."

[1] We first address the trial court's finding of civil contempt by the plaintiff in its 29 June 1994 order (June order). In its June order, the trial court found as a fact "that Plaintiff's failure to appear places the [Plaintiff] in jeopardy of being found in contempt of [the trial court]."

The trial court then concluded and decreed plaintiff to be "in willful contempt of this Court."

The rules regarding civil contempt are delineated by N.C. Gen. Stat. § 5A-21 through § 5A-25 (1986). The trial court has not abided by these rules, and has thus erred as a matter of law in finding plaintiff in contempt. *Glesner v. Dembrosky*, 73 N.C. App. 594, 596, 327 S.E.2d 60, 62 (1985). A finding of civil contempt by a trial court must be accompanied by notice and a dedicated proceeding. N.C. Gen. Stat. § 5A-23 (1986 & Cum. Supp. 1994). The trial court must either order

> the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt or [give notice] that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt. The order or notice must be given at least five days in advance of the hearing unless good cause is shown.

*Id.*

On its face, the June order demonstrates noncompliance with § 5A-23. First, the trial court determines that plaintiff's failure to appear creates the jeopardy of contempt, then it immediately finds plaintiff to be in actual contempt. No § 5A-23 proceeding is contemplated by the order, giving rise to an inference that the trial court's action was, at best, summarial.

Moreover, the instantaneous determination of contempt by the trial court makes obvious the lack of statutory notice to plaintiff. Notice is not optional under § 5A-23, therefore the trial court's imposition of contempt is error. *Glesner*, 73 N.C. App. at 596, 327 S.E.2d at 62. The trial court's finding of civil contempt is thus vacated as contrary to statute.

[2] We now address the change of custody issue. Once custody of minor children has been judicially determined, that court's order cannot be modified absent a substantial change of circumstances affecting the welfare of the child. *Rothman v. Rothman*, 6 N.C. App. 401, 406, 170 S.E.2d 140, 144 (1969); N.C. Gen. Stat. § 50-13.7(a) (1987). To qualify as substantial, circumstances must have "so changed that the welfare of the child will be adversely affected unless the custody provision is modified." *Rothman*, 6 N.C. App. at 406, 170 S.E.2d at 144. The burden of showing substantially changed circumstances is on the

moving party. *Searl v. Searl*, 34 N.C. App. 583, 587, 239 S.E.2d 305, 308 (1977).

Once the substantial change is demonstrated, it is incumbent upon the trial court to request production of evidence probative on the "best interest" issue. *Thomas v. Thomas*, 259 N.C. 461, 467, 130 S.E.2d 871, 875 (1963). There is no burden of proof, *per se*, upon one party or the other in the best interest context. *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 418 S.E.2d 675, 678 (1992). Instead, the parties to the case are obligated to bring forth evidence dispositive as to the best interests of the children involved. *Id*. The best interest analysis is rendered nugatory if the party requesting the custody change does not meet its burden on the substantial change of circumstances issue. *Id*.

In the case at bar, the trial court listed the following factors, ostensibly constituting the substantial material changes justifying a change of custody: (1) plaintiff's "estrangement from her family which she has imposed on the children"; (2) plaintiff's decision to take the children from Old Fort to New Mexico; (3) the demands of plaintiff's graduate work, in addition to her part-time employment; (4) the stable marriage of defendant and his present wife; (5) the eldest son's over-identification with his mother; and (6) plaintiff's "philosophy" that the children do not need the consistent involvement of their father in their everyday lives.

These findings, in and of themselves, do not form a sufficient basis for the conclusion that a substantial change of circumstances has occurred. It is settled law that, "when the trial court fails to find the material facts to dispose of the issues the case must be remanded for a new trial." *Lawing v. Jaynes*, 20 N.C. App. 528, 536, 202 S.E.2d 334, 340, *cert. allowed*, 285 N.C. 234, 204 S.E.2d 24, *modified on other grounds*, 285 N.C. 418, 206 S.E.2d 162 (1974); *see also* N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1990) (trial judge in a custody case must find the facts specially before entering an appropriate judgment). For the reasons that follow, a new custody hearing is necessary.

The mere fact that a custodial parent's residence has changed is not, *ipso facto*, a factual circumstance justifying modification of a custody order. *Barker*, 107 N.C. App. at 78, 418 S.E.2d at 679. Further, the trial court must demonstrate, in its fact findings, a nexus between the changes of circumstances and a concomitant adverse effect on the children involved. *Id*. Conclusory statements regarding parental behavior, such as those above, are no substitute for findings of fact

" 'tailor-made' to settle the matter at issue between the parties." *Peoples v. Peoples*, 10 N.C. App. 402, 408, 179 S.E.2d 138, 142 (1971).

The factual factors listed by the trial court as dispositive on the substantial change of circumstance requirement are oriented toward parental fitness, not adverse alterations of the children's welfare. The factors enumerated are bare observations of plaintiff's or defendant's actions, not examples of how those actions adversely impact the children. For instance, the court cites the "stable marriage of the Defendant and his present wife," and "the mother's need to make a career change," as factors supporting a finding of substantial change. Such findings, without more, do not meet the *Rothman* standard. No connection is made between these factors and any resulting adverse impact on the children.

The trial court has failed to discern the *Rothman* nexus. "Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence . . . . Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function . . . ." *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). Here, that logic gap is apparent, as the trial court's conclusion that a substantial change has occurred, meaning an adverse effect on the involved children, is not supported by the evidence or the findings of fact.

We note well that trial courts are to be given deference in child custody matters. *Barker*, 107 N.C. App. at 80, 418 S.E.2d at 680. After all, the trial court has the "unique opportunity to see and hear the parties, the witnesses, and the child." *Id.* However, trial courts should not interpret this deference as justifying oblique findings of fact and conclusions of law. *Benedict v. Coe*, 117 N.C. App. 369, 377-78, 451 S.E.2d 320, 324-25 (1994).

In *Coe* this Court explicitly set forth its expectations with regard to findings of fact and conclusions of law in a custody modification setting. *Id.* First, a substantial change of circumstances is unequivocally a conclusion of law. This phrase is a term of art, meaning that a change has occurred among the parties, and that change has affected the welfare of the *children* involved. *Id.* The trial court must make "those findings of fact [necessary] to form a valid basis for the conclusions of law . . . ." *Coe*, 117 N.C. App. at 377, 451 S.E.2d at 324. Findings of fact which are the equivalent of " 'speculation or conjecture that a detrimental change may take place' " will not support a

JARRELL v. COASTAL EMERGENCY SERVICES OF THE CAROLINAS

[121 N.C. App. 198 (1995)]

change of custody. *Coe*, 117 N.C. App. at 378, 451 S.E.2d at 325 (quoting *Barker*, 107 N.C. App. at 78, 418 S.E.2d at 679).

Having determined that the trial court's findings of fact do not support its conclusion of law that a substantial change has occurred, it is unnecessary to reach the best interest analysis mandated in *Barker. Barker*, 107 N.C. App. at 77, 418 S.E.2d at 778.

In summary, we vacate the trial court's finding of civil contempt, as not applied in accordance with applicable statutes; we reverse the trial court's change of custody for the reasons set forth herein, and we remand for a rehearing of the custody issue consistent with this opinion.

Finding of contempt vacated. Order changing custody reversed and remanded for rehearing.

Chief Judge ARNOLD and Judge GREENE concur.