WILLIAM JARVIS WIGGS, JR., Plaintiff v. KATHY G. WIGGS, Defendant

No. COA97-282

(Filed 3 February 1998)

**1. Divorce and Separation § 359 (NCI4th)— child custody—modification—lifestyle changes—impact of changes on children**

An order modifying a child custody order was vacated where the court's findings were indicative of defendant's fitness as a parent but revealed nothing about the impact of lifestyle changes upon the minor children, which is the critical inquiry. The findings therefore do not support the conclusion that there was a substantial change in circumstances affecting the welfare of the children.

**2. Divorce and Separation § 431 (NCI4th)— child support—income changes—changes in needs of children—no findings**

An order modifying defendant's child support obligation was not supported by sufficient findings of fact of changed circumstances where the court found that plaintiff was earning more and defendant less, and that plaintiff could provide medical insurance less expensively, but made no findings regarding any changes in the needs of the minor children. Although a substantial decrease in the non-custodial parent's income can support a modification without a showing of a change in the needs of the child, the decrease in defendant's income in this case was not substantial.

Appeal by plaintiff from order entered 10 December 1996 by Judge Sarah F. Patterson in Nash County District Court. Heard in the Court of Appeals 5 January 1998.

*Godwin & Spivey, by W. Michael Spivey, for plaintiff-appellant.*

*Wm. Lewis King for defendant-appellee.*

MARTIN, John C., Judge.

The parties to this action were married 12 April 1981 and separated 10 August 1993. On 24 August 1993, the parties consented to the entry of an order providing, *inter alia*, for the custody and support of their two minor daughters. The consent order awarded primary custody of the children to plaintiff and granted defendant visitation during certain holidays and custodial periods. Additionally, defendant was ordered to pay plaintiff child support in the amount of $315.00 per month from 1 September 1993 until 1 September 1994, $400.00 per month from 1 September 1994 until 1 September 1995, and $500.00 per month thereafter.

In August 1995, defendant moved for a modification of the custody, visitation and child support provisions of the prior consent order, alleging substantial changes in circumstances. After a hearing, the trial court modified the previous consent order and granted plaintiff and defendant joint custody of the children, with primary physical custody vested with plaintiff. The court also modified defendant's visitation schedule and provided for a change in defendant's child support obligations. Defendant was ordered to pay plaintiff $373.00 for child support for November and December of 1995, $534.00 per month from 1 January 1996 until 31 December 1996, $127.00 per month from 1 January 1997 until 31 December 1997, and provided for payments thereafter consistent with the North Carolina Child Support Guidelines according to the then existing circumstances. Plaintiff appeals.

Plaintiff contends that the trial court erred by modifying the provisions of the previous consent order with respect to custody and support of the minor children because its findings of fact do not support its conclusion that there was a substantial change of circumstances justifying modification of those provisions. We agree.

## I. Custody

[1] A party seeking modification of a child custody order, as defendant does in this case, bears the burden of proving the existence of a substantial change in circumstances affecting the welfare of the child or children. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E.2d 77 (1967). In order to meet this burden, such party must prove that " 'circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified.' " *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675,

678-79 (1992) (quoting *Rothman v. Rothman*, 6 N.C. App. 401, 406, 170 S.E.2d 140, 144 (1969)). Only after evidence of a substantial change in circumstances is presented does the court entertain evidence probative of the "best interest of the child" issue. *Garrett v. Garrett*, 121 N.C. App. 192, 464 S.E.2d 716 (1995). Whether there has been a substantial change of circumstances is a legal conclusion; as such, it must be supported by adequate findings of fact, including a "nexus between the changes of circumstances and a concomitant adverse effect on the children involved." *Id.* at 196, 464 S.E.2d at 719.

With respect to the issue of custody, the trial court found the following changes had occurred:

A. The Defendant no longer resides with her parents, but rather now resides in a fully furnished, two bedroom mobile home, which is located on a private, secluded lot approximately ¼ mile from the home of her parents;

B. The Defendant was formerly employed by Merck Manufacturing. As a result of factors directly and indirectly related to the separation and divorce of the parties, she was released from that employment, but now is secure in her employment with Trimeris, Inc.;

C. Shortly after the entry of the original Consent Order in this matter, the Defendant sought and received counseling and treatment for certain emotional problems. The Defendant now exhibits a mature and stable demeanor and attitude as it relates to her life and the care and development of the minor children of the parties; and,

D. The Plaintiff has moved his primary residence and the children from Nash County to Wilson County, thereby making it logistically more difficult for the Defendant to have contact with the minor children of the parties.

While these findings are indicative of defendant's fitness as a parent, they reveal nothing about the critical inquiry, which is the impact of the changes upon the minor children. In *Garrett*, we stated upon similar facts that "(t)he factors . . . are bare observations of plaintiff's or defendant's actions, not examples of how those actions adversely impact the children." *Garrett*, at 197, 464 S.E.2d at 719. As in *Garrett*, the trial court's findings in the present case do not establish the necessary link between the parties' lifestyle changes and the welfare of the children and, therefore, do not support its legal conclusion that a

substantial change in circumstances affecting the welfare of the children has occurred. Accordingly, the order modifying the previous custody order must be vacated.

## II. Child Support

[2] The trial court also made findings with respect to the issue of financial support for the children. Child support orders may be modified upon a showing of changed circumstances. N.C. Gen. Stat. § 50-13.7(a), *Padilla v. Lusth*, 118 N.C. App. 709, 457 S.E.2d 319 (1995). A change in circumstances may be shown in any of several ways: a substantial increase or decrease in the child's needs, *McGee v. McGee*, 118 N.C. App. 19, 453 S.E.2d 531, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995); a substantial and involuntary decrease in the income of the non-custodial parent even though the child's needs are unchanged, *Hammill v. Cusack*, 118 N.C. App. 82, 453 S.E.2d 539, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995); a voluntary decrease in income of either supporting parent, absent bad faith, upon a showing of changed circumstances relating to child oriented expenses, *Schroader v. Schroader*, 120 N.C. App. 790, 463 S.E.2d 790 (1995); and, for support orders that are at least three years old, proof of a disparity of fifteen (15) percent or more between the amount of support payable under the original order and the amount owed under North Carolina's Child Support Guidelines based upon the parties' current income and expenses. *Garrison v. Conner*, 122 N.C. App. 702, 471 S.E.2d 644, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 116 (1996); North Carolina Child Support Guidelines.

In this case, the trial judge made findings that plaintiff was earning $18,000 per year more than he had been earning at the time of the original consent order and that defendant was earning $500 per year less than she had been earning in 1993. The court also found that defendant had provided medical insurance for the minor children, as required by the 1993 order, at the cost of $196.91 per month, but that such insurance could be provided by plaintiff at a cost of $107.00 per month. The court made no findings, however, regarding any changes in the needs of the minor children since the date of the original support order. Although a substantial decrease in the non-custodial parent's income can support a modification without a showing of a change in the needs of the child, the decrease in defendant's income in this case was not substantial. Since the original support order had been in effect less than three years at the time of the hearing on defendant's motion to modify child support, she does not receive the

benefit of the fifteen (15) percent presumption contained in the North Carolina Child Support Guidelines. The order modifying defendant's child support obligation, like the order modifying custody, is not supported by sufficient findings of fact of changed circumstances and must also be vacated.

Vacated.

Chief Judge ARNOLD and Judge SMITH concur.