APRIL SHIPMAN, Plaintiff, Appellant v. CASEY DEAN SHIPMAN, Defendant, Appellee

No. COA02-332

(Filed 31 December 2002)

### 1. Child Support, Custody, and Visitation— change of primary custody—changed circumstances—substantial evidence

In an action which resulted in a change in the primary custody of the child from plaintiff mother to defendant father, there was substantial evidence in the record supporting the trial court's findings of plaintiff's transience, defendant's planned remarriage, and plaintiff's denial of defendant's visitation rights, and these findings supported the conclusion that there had been a substantial change in circumstances affecting the welfare of the child.

**2. Child Support, Custody, and Visitation— support— change—lack of notice to Child Support Agency**

Lack of notice to the Henderson County Child Support Agency of a change in defendant's child support obligation and arrearage did not result in the change being disturbed on appeal. Lack of notice to the agency is not fatal where there was a change in circumstances causing a custody modification and the agency had prior notice through the appearance of its testifying agent.

**3. Child Support, Custody, and Visitation— support—changed custody—existing arrearage—credited to new obligation**

The trial court did not err in a child support and custody action by not compelling immediate payment by defendant of an arrearage where primary custody was changed to defendant, plaintiff went from receiving support to paying support, and the court credited the arrearage to plaintiff's new support obligation. Plaintiff receives the support, but in a different form.

**4. Trials— court's comments to witness—irrelevant**

The trial court did not err in a child custody and support case by instructing a bank employee, a witness for plaintiff, about proper procedures for subpoenaed documents; the court's comments were directed toward future compliance and were irrelevant to the issues at bar.

Judge WALKER dissenting.

Appeal by plaintiff from an order entered 5 October 2001 by Judge Laura J. Bridges in Henderson County District Court. Heard in the Court of Appeals 14 November 2002.

*Wade Hall for plaintiff-appellant.*

*Edwin R. Groce; and Bazzle & Carr, P.A., by Eugene M. Carr III, for defendant-appellee.*

TYSON, Judge.

## I. Background

April Shipman ("plaintiff") and Casey Dean Shipman ("defendant") are the parents of Spencer Reed Shipman ("Spencer"), born 8 July 1998. On 29 April 1999, after the parties had separated, plaintiff filed an action for sole custody of Spencer and requested that defendant be ordered to pay child support. On 5 October 1999, the

parties entered into a consent order awarding them joint custody and granting plaintiff primary care, custody and control of Spencer. The consent order also established visitation for defendant and ordered him to pay $110.00 per week in child support.

On 9 May 2001, defendant moved for sole custody of Spencer, alleging a material change in circumstances affecting Spencer's welfare. He also moved the trial court to vacate the child support award after payment of his arrearage. In support of his claim of a material change in circumstances, defendant alleged plaintiff's relationship with her boyfriend, Christopher Vaughn, created an "abusive" and "neglectful" living environment that was not in Spencer's best interest. Defendant further alleged that plaintiff refused to comply with his visitation rights as set forth in the consent order.

In her reply to defendant's motion, plaintiff denied defendant's allegations and asked the trial court to hold him in contempt and order his wages be garnished for failure to pay child support as required by the consent order.

On 5 October 2001, the trial court made the following pertinent findings after a hearing on defendant's motion for modification of the child custody order and support obligation:

1. That the Consent Order entered in this cause on October 5, 1999, provided for the parties to have joint custody of Spencer Shipman, born July 8, 1998, with the primary custody of the child to be with the Plaintiff and the Defendant to have certain specified visitation with the child.

. . .

4. That the Plaintiff is a good Mother, provided for the child in a good manner and took care of the child's needs from day to day.

5. That the Defendant has been a good Father, has parenting skills and is capable for [sic] providing for the child.

6. That a large and direct part of the conduct of the Plaintiff, especially during the year of 2001, has been to deprive the Defendant of his visitation of the minor child, by deceit, and that the Plaintiff moved in and lived with Chris Vaughn, with the minor child present, in violation of the Order that was entered on October 5, 1999, and she did not inform the Defendant of her address or phone number. The Plaintiff did not give direct and revealing answers to questions when she was cross examined and

she has denied the Defendant visitation, until this matter came on for Hearing on September 6, 2001, from January, 2001.

7. That the child knows the Father/Defendant, loves the Father/Defendant and was glad to see him when visitation took place. The Father/Defendant had a good relationship with the child, enjoyed visiting with the child, loves the child and the child loves the Father/Defendant, and the child looks forward to seeing the Father/Defendant, even though the Plaintiff would not allow the Father to see the child or the Paternal Grandmother to see the child. It was also revealed to the court that the Plaintiff allowed the child to go to Georgia to stay with the Plaintiff's Mother in the same home where the Plaintiff was molested, and the Plaintiff has deprived the child of interaction with the Father/Defendant and his family, including Sheila Bishop, the Paternal Grandmother.

8. The Defendant has not been blameless, as he has failed to pay child support as he was ordered to do, and at the time of the hearing, the Defendant was in arrears in the amount of $5853.22, and would only pay when he was made to pay, and he has not done what he should have done, and that was to provide some support, even though, the testimony was that he had lost a job during this time.

9. The Defendant and Kelly Squirer have a three bedroom home, can provide for the child, Kelly Squirer has a four year old son and can help with the child.

10. . . . . [T]he plaintiff does not have a home, has worked at the same job for a considerable period of time, but has moved numerous times, which shows instability.

11. That the Court finds that there has been a substantial change in circumstances since the entry of the Order in this cause on October 5, 1999, affecting the welfare of the minor child.

The trial court awarded the parties joint custody and granted defendant primary care, custody and control of Spencer. The trial court also established visitation rights for plaintiff and ordered her to pay child support based on her earnings after a credit of $5853.22, defendant's arrearage as set by the trial court at the hearing.

## II. Issues

The issues are (1) whether there was substantial evidence to support the trial court's findings of fact and whether those findings sup-

port the conclusions of law and (2) whether the trial court erred in modifying defendant's child support obligation and arrearage.

### III. Findings of Fact Support Conclusions of Law

**[1]** Plaintiff contends that the trial court's findings are not supported by competent evidence and that the findings do not support its order awarding primary custody to defendant. In child custody cases, the trial court is vested with broad discretion. *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97 (2000). If there is substantial evidence in the record to support a trial court's findings on a motion for modification of child custody, such findings are conclusive on appeal. *Id.* at 423, 524 S.E.2d at 97-98. The trial court's conclusions of law are reviewable *de novo*. *Id.* at 423, 524 S.E.2d at 98.

The trial court's finding of fact that "there has been a substantial change in circumstances since the entry of the Order in this cause on October 5, 1999, affecting the welfare of the minor child[]" is restated as a conclusion of law and supported by the other findings of fact. Substantial evidence supports those findings of fact. The trial court found that both parents were good parents who had made mistakes during Spencer's lifetime. The trial court found that plaintiff had violated the consent order (1) by cohabiting with Chris Vaughn in Spencer's presence, (2) deceiving defendant about her whereabouts and (3) denying defendant visitation with his son which deprived Spencer of interaction with his father and his father's family. The trial court further found that plaintiff took Spencer to visit her mother in Georgia. Plaintiff's mother continued to live with plaintiff's stepfather who had molested plaintiff when she was younger.

The trial court also made findings of fact that defendant and his girlfriend had purchased and lived in a three-bedroom home, were engaged to be married, and could provide for the child. In contrast, the trial court found that plaintiff "does not have a home" as she had moved in and out of her grandmother's home, into and out of a home with Chris Vaughn, and back into her grandmother's home.

Defendant's upcoming marriage, plaintiff's cohabitation with Chris Vaughn in violation of the consent order, plaintiff's denial of defendant's visitation with Spencer, and plaintiff's transience are cumulatively sufficient to establish a substantial change in circumstances affecting the welfare of the child.

In *Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998), our Supreme Court broadened the trial court's discretion in making the

determination whether the changed circumstances affected the welfare of the child, and stated "a showing of a change in circumstances that *is, or is likely to be, beneficial* to the child may also warrant a change in custody." *Id.* at 620, 501 S.E.2d at 900 (emphasis supplied). The Court then noted that a custody decree " 'is entitled to such stability as would end the vicious litigation so often accompanying such contests, unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order.' " *Id.* (quoting *Shepherd v. Shepherd*, 273 N.C. 71, 75, 159 S.E.2d 357, 361 (1968)).

This Court has held that the denial of visitation with a child's father is sufficient to constitute a change in circumstances affecting the welfare of the child. *Woncik v. Woncik*, 82 N.C. App. 244, 248, 346 S.E.2d 277, 279 (1986). "[W]here . . . interference [with a custody order] becomes so pervasive as to harm the child's close relationship with the noncustodial parent, there can be a conclusion drawn that the actions of the custodial parent show a disregard for the best interests of the child, warranting a change of custody." *Id.*

The trial court's findings of fact are supported by substantial evidence in the record. The findings of fact support the conclusion of law that there was a substantial change in circumstances affecting the child. All of the findings of fact including (1) plaintiff's transience, (2) defendant's remarriage, and (3) plaintiff's denial of defendant's visitation rights are supported by substantial evidence and affect the welfare of the child.

## IV. Modification of Child Support

[2] Plaintiff contends the trial court erred in modifying defendant's child support obligation and arrearage. Plaintiff objects to the modification on the grounds that (1) the court erred in modifying defendant's child support arrearage without giving notice to the Henderson County Child Support Agency and (2) the court erred in aiding defendant avoid his imposed child support obligation by not compelling payment and penalizing plaintiff for not being financially stable.

The Henderson County Child Support Agency had intervened to assist in the collection of defendant's past due child support. The agency did not represent plaintiff's interests during the trial, but a member of that agency testified at trial. Plaintiff had retained her

**SHIPMAN v. SHIPMAN**

[155 N.C. App. 523 (2002)]

own attorney. Lack of notice to the agency of the modification is not fatal where there was a change in circumstances causing a custody modification and the agency had prior notice through the appearance of its testifying agent. *See* N.C.G.S. § 50-13.7(a) (2001); *Kowalick v. Kowalick,* 129 N.C. App. 781, 787, 501 S.E.2d 671, 675 (1998) (change in custody from one parent to another is a changed circumstance supporting modification of the supporting party's child support obligation.)

**[3]** Plaintiff's other argument regarding child support generally criticizes the trial court for not compelling immediate payment of defendant's child support arrearage. Although no immediate payment was compelled, the court credited the arrearage at the date of the hearing to plaintiff's support obligation as the secondary custodial parent. This general argument cites no supporting law but merely emphasizes the facts. Plaintiff will receive the child support but in different form. We decline to disturb the trial court's findings of fact which were based upon substantial evidence.

## V. Conduct of the Trial Court

**[4]** Plaintiff argues that the trial court erred in interacting with and advising plaintiff's witness. Debra Potter, a bank employee, testified about deposits to defendant's bank account. The trial judge instructed Ms. Potter regarding proper procedures for subpoenaed documents. The trial court's comments were directed toward future compliance and were irrelevant to the issues at bar.

## VI. Conclusion

We hold that the trial court's findings of fact were supported by substantial evidence and supported their conclusions of law. The order of the trial court is affirmed.

Affirmed.

Judge McCULLOUGH concurs.

Judge WALKER dissents.

WALKER, Judge, dissenting.

I respectfully dissent from the majority opinion affirming the trial court's modification of child custody and the support obligation.

A determination that there has been a substantial change of circumstances to warrant modification of child custody is a legal conclusion which must be supported by adequate findings. *Garrett v. Garrett*, 121 N.C. App. 192, 464 S.E.2d 716 (1995). In determining whether to modify a child custody order, the trial court must focus on the effect on the child. *Browning v. Helff*, 136 N.C. App. 420, 524 S.E.2d 95 (2000). "[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby*, 272 N.C. 235, 238-39, 158 S.E.2d 77, 80 (1967) (citation omitted); *see also Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982).

Here, the trial court found that "there has been a substantial change in circumstances since the entry of the Order in this cause on October 5, 1999, affecting the welfare of the minor child." Although labeled as a finding, the determination that a substantial change in circumstances has occurred affecting the welfare of the child is a legal conclusion and must be supported by adequate findings. However, the trial court focused only on the parties' conduct and failed to make any findings as to how this conduct constituted a substantial change in circumstances and affected the child's welfare.

The trial court found the plaintiff had violated the consent order by cohabitating with her boyfriend as support for a substantial change in circumstances. However, the trial court also found that defendant was cohabitating with his girlfriend during the same time period, also a violation of the consent order. Conveniently, the trial court seems to disregard defendant's violation of the consent order as it noted the defendant and his girlfriend planned their wedding for the day after the custody hearing. I can only speculate whether the trial court's ruling would have been different if plaintiff had offered similar evidence that she was to be married immediately following the custody hearing.

One of the cardinal principles of child support is that the obligor is required to pay the child support obligation even though visitation privileges cannot be exercised as required by the trial court's order. *See Appert v. Appert*, 80 N.C. App. 27, 41, 341 S.E.2d 342, 350 (1986) (stating that "the duty of a parent to support his or her children is not dependent upon the granting of visitation rights, nor is it dependent upon the parent's opportunity to exercise visitation rights"); N.C. Gen. Stat. § 52C-3-305(d) (2001). Here, for no apparent reason, the

SCOTLAND CTY. DSS ᴇx ʀᴇʟ. POWELL v. POWELL

[155 N.C. App. 531 (2002)]

trial court failed to enforce defendant's child support arrears which were due to plaintiff. Instead, the trial court provided the plaintiff with a "credit" against any future child support obligation she may incur. Again, the trial court's modification of the child support arrears seems to be premised on its disapproval of plaintiff's conduct relating to defendant's visitation with the child contrary to the law of this State. If, however, the trial court based the modification of the support obligation on a substantial change in circumstances using the factors which may be considered under our law, it should make this basis apparent in its findings and conclusions.

Because the trial court's order is devoid of findings as to how the parties' conduct affects the child's welfare so as to constitute a substantial change in circumstances, I conclude the modification of child custody and the support obligation is not supported by adequate findings. Thus, I would vacate the order and remand this matter for a new hearing as to whether there has been a substantial change in circumstances and how such a change in circumstances affects the welfare of the child so as to warrant a modification of custody and the child support obligation.