OPINION
HUNTER, Justice.
Albert Francis Bryant (“Defendant”) appeals from an order modifying Defendant’s child support obligation.[1] Defendant argues his discharge from the Army was an involuntary action and therefore was sufficient to support an increased modification of his child support order. After careful review, we find the Defense Officer Personnel Management Act (“DOPMA”) controls over the matter and that its provisions require Defendant’s discharge to be considered involuntary. We reverse and remand for the trial court to make further findings accordingly.

I. Background

On 12 March 2009, a child support order was entered obligating Defendant to make payments in the amount of $876.85 per month for the support and maintenance of his minor child. This amount was calculated based upon Defendant’s employment as a Captain with the United States Army. During Defendant’s service with the Army, he was passed up for a promotion to Major twice, and in September 2013, Defendant was consequently discharged under the Army’s “up or out” policy.[2] Due to this loss of employment, Defendant filed a motion on 10 January 2014 to modify his child support obligation alleging a change in circumstances.[3]
On 16 December 2014, Defendant’s former spouse, Leslie Shannon Bryant (now Swimmer) (“Plaintiff’), filed a motion to *192 show cause to hold Defendant in civil contempt for failure to pay his child support obligations. Motions for both Plaintiff and Defendant were heard during a trial court session held on 8 June 2015. In an oral bench ruling, the trial court declined to use Defendant’s discharge from the Army as a basis to modify Defendant’s child support order. Explaining its decision, the court found that Defendant’s discharge was a voluntary action undertaken on his own behalf, and thus the discharge did not warrant a modification of the prior child support order.[4] The trial court further found Defendant to be in civil contempt for his unpaid arrears stemming from the original 2009 child support order.
On 30 June 2015, Defendant filed a motion for a new trial. On 13 July 2015, the trial court entered an Order denying Defendant’s motion for a new trial as well as affirming his earlier oral ruling in writing. Defendant filed a timely notice of appeal. The only issue before this Court on appeal is Defendant’s claim that the trial court erred in finding his discharge from the Army to be a voluntary action.[5]

II. Analysis

A. Standard of Review

Defendant contests the trial court’s finding of fact that Defendant’s discharge from the Army was a voluntary action. “In reviewing a trial judge’s findings of fact, we are ‘strictly limited to determining whether the trial judge’s underlying findings of fact are supported by competent evidence[.]” See State v. Williams, 362 N.C. 628, 632, 669 S.E.2d 290, 294(2008) (quoting State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)).

B. DOPMA

Under Cherokee Code § 110-21(a), modification of a child support order is proper upon a showing of changed circumstances. A significant involuntary decrease in a parent’s income constitutes a changed circumstance and can justify a modification of a child support order, even if the needs of the child are unchanged. See Mittendorff v. Mittendorff, 133 N.C.App. 343, 344, 515 S.E.2d 464, 466 (1999) (citing Wiggs v. Wiggs, 128 N.C.App. 512, 515, 495 S.E.2d 401, 403 (1998)). Conversely, a voluntary decrease in a parent’s income, even if substantial, does not constitute a changed circumstance which can justify a modification of a child support award unless the parent can also show a substantial decrease in the needs of the child. Id. Thus, a finding as to whether Defendant’s discharge from the Army was involuntary or voluntary is crucial in deciding if the discharge is a proper basis for a modification of Defendant’s child support order.[6]
In 1980, the United States Congress enacted the Defense Officer Personnel Management Act (“DOPMA”), which mandates the military to promulgate an “up or out” policy, requiring that after a certain number of years, officers who fail selection for promotion are to be removed from the service. 10 U.S.C. 627 et seq. The effect of a failure of selection for promotion for captains and majors of the *193 Army is explained in 10 U.S.C. 632 as follows:
[E]ach officer of the Army, Air Force, or Marine Corps on the active-duty list who holds the grade of captain or major ... who has failed of selection for promotion to the next higher grade for the second time and whose name is not on a list of officers recommended for promotion to the next higher grade shall ... be discharged on the date requested by him and approved by the Secretary concerned, which date shall be not later than the first day of the seventh calendar month beginning after the month in idhich the President approves the report of the board which considered him for the second time[.] 10 U.S.C. 632(a) (emphasis added)
The Act further states: “[t]he retirement or discharge of an officer pursuant to this section shall be considered to be an involuntary retirement or discharge for purposes of any other provision of law.” 10 U.S.C. 632(b) (emphasis added). This Court takes note that the trial court did not have the DOPMA statute presented to it; the statute is not contained within the record; and the statute has not been presented to this Court on appeal. Nevertheless, we take judicial notice of DOPMA and find it controlling over the discharge of Defendant from the military.
At trial, Defendant gave testimony tending to suggest that he was a captain in the Army, sought promotion to the rank of Major, was passed up for this promotion twice, and was consequently discharged under the Army’s “up or out” policy. We find the circumstances surrounding Defendant’s discharge are within the purview of DOPMA, which plainly states that an officer of the Army holding the grade of Captain, who fails to be selected for promotion twice, shall be discharged from the Army. 10 U.S.C. 632(a). Moreover, DOPMA also provides that any discharge pursuant to it shall be considered “involuntary” for the purposes of any other provision of law. 10 U.S.C. 632(b). As such, we find there is not competent evidence to support the trial court’s finding of fact that Defendant’s discharge from the Army was a voluntary action because DOPMA makes Defendant’s discharge involuntary as a matter of law. As a result, it follows Defendant’s involuntary discharge effectuated an involuntary decrease in his income, which properly justifies a modification of Defendant’s child support obligations.[7] Thus, we reverse that portion of the trial court’s order finding Defendant’s discharge to be voluntary, and this necessarily requires vacating the order finding Defendant in civil contempt. Therefore, this matter is remanded to the trial court to determine Defendant’s child support obligation based only on a determination that his discharge was involuntary, what amount of Defendant’s child support obligations, if any, are in arrears, and whether Defendant is in contempt.

III. Conclusion

For the reasons stated above, we find Defendant’s discharge from the Army was an involuntary action and reverse and remand for the trial court to make further findings in accordance with this opinion.
REVERSED and REMANDED.

. Defendant also appeals the denial of his Rule 59 motion, asking for a new trial. Since the matter is being reversed and remanded, we do not consider it necessary to consider this argument.

. Defendant would later retain part-time employment with the reserves.

. Defendant had previously filed an earlier motion pro se. It was returned to Defendant because "something was incorrect” and thereafter he employed counsel to file the January 2014 motion.

.The court did elect to modify Defendant's child support order from August 2014 onwards. In August of 2014, Defendant had received a 100% disability rating and successfully established disability status. This portion of the trial court’s order is not currently before the court on appeal.

. Plaintiff-Appellee did not file a brief in the appeal before this Court.

. There is nothing in the record indicating that a change in the child’s needs was an issue before the trial court, and thus this issue is not relevant to this opinion.

. A modification of Defendant’s child support order based upon this discharge would be calculated from February 2014 onwards (and not Sjeptember 2013 onwards) because Defendant did not properly file a motion to modify his child support order until January of 2014. See Cherokee Code § 110—21(c).