IRIS SUE APPERSON SELF v. JOHN BURTON SELF, JR.

No. 8821DC598

(Filed 4 April 1989)

1. **Divorce and Alimony § 19.4— modification of alimony decree—changed circumstances—insufficiency of evidence**

    In ruling on plaintiff's motion in the cause for an increase in alimony, the trial court's conclusions of law that plaintiff was no longer a "dependent spouse" and that there had been a substantial change in circumstances were not supported by the findings of fact where the court failed to make any findings regarding plaintiff's reasonable current financial needs and expenses and the ratio of those needs and expenses to her income.

2. **Divorce and Alimony § 19— modification of alimony order —additional and independent findings by modifying court proper**

    A court modifying an alimony order is not limited only to those findings of fact made by the court which entered the original alimony order, and the modifying court may make

additional and independent findings of fact under N.C.G.S. § 50-16.5 as to the parties' health and financial needs existing at the time of the original alimony order based on evidence presented at the modification hearing.

3. **Divorce and Alimony § 19— modification of alimony order —sufficiency of evidence to support findings**

In a proceeding for an increase in alimony, evidence was sufficient to support the trial court's finding that plaintiff had no independent estate at the time the original order was entered, and because the basis of this alimony modification was alleged to be plaintiff's changed financial needs and not defendant's ability to pay, an identical finding regarding defendant's independent estate was not necessary for a determination in this case.

APPEAL by plaintiff from *Biggs (Loretta C.), Judge.* Order entered 15 January 1988 in District Court, FORSYTH County. Heard in the Court of Appeals 13 February 1989.

Plaintiff and defendant were married in 1949. In 1975, plaintiff filed a complaint seeking *inter alia* custody of the couple's two minor children, child support, alimony *pendente lite* and permanent alimony. In February 1977, the trial court entered judgment awarding custody of the couple's minor daughter to plaintiff and ordering defendant to pay child support and permanent alimony. In July 1986, plaintiff filed a motion in the cause seeking an increase in alimony. Defendant thereafter filed a response to plaintiff's motion and a motion to terminate alimony. After a hearing on these motions, the court concluded, in part, that plaintiff was no longer a "dependent spouse" and terminated plaintiff's alimony. Plaintiff appeals.

*David B. Hough and Lawrence J. Fine for plaintiff-appellant.*

*White and Crumpler, by Fred G. Crumpler, Jr., and Christopher L. Beal, for defendant-appellee.*

LEWIS, Judge.

Plaintiff sets forth in the record on appeal numerous assignments of error which she brings forward in her brief under four basic arguments. Plaintiff alleges the court failed to follow proper procedure in modifying the alimony award; abused its discretion in

denying an alimony increase and instead terminating plaintiff's alimony altogether; misapprehended the law and thus erred in finding that plaintiff had no independent estate in 1977; and erred in concluding a) that there had been a substantial and material change in plaintiff's financial circumstances, b) that plaintiff was no longer a "dependent spouse" and c) that it was within its discretion to terminate alimony because such conclusions were not supported by the findings of fact.

[1] Plaintiff first contends that the trial court did not follow the proper procedure because it failed to find certain factors required to be found in an order modifying alimony. Specifically, she alleges that the trial court was required but failed to make findings regarding defendant's 1987 assets and liabilities and plaintiff's 1987 liabilities.

Under G.S. Section 50-16.9 a court may modify an alimony award upon a showing of a change of circumstances. This power to modify includes the power to terminate alimony altogether. *Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966). The changed circumstances which will warrant a modification of an alimony award "must bear upon the financial needs of the dependent spouse *or* the ability of the supporting spouse to pay." *Britt v. Britt*, 49 N.C. App. 463, 470-71, 271 S.E. 2d 921, 926 (1980), *quoting, Stallings v. Stallings*, 36 N.C. App. 643, 645, 244 S.E. 2d 494, 495, *disc. rev. denied*, 295 N.C. 648, 248 S.E. 2d 249 (1978) (emphasis added). Further, these changes must be substantial and based on a comparison of facts existing at the time of the original order and the time when the modification is sought. *Broughton v. Broughton*, 58 N.C. App. 778, 294 S.E. 2d 772, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982). Our court has asserted that the trial court must look to the factors set out in G.S. 50-16.5 to modify an award under G.S. 50-16.9 and has stated:

> G.S. 50-16.9 allows modification for change of circumstance, but lists no circumstances. G.S. 50-16.5 provides a list of circumstances to be regarded in the initial determination of alimony. We believe the only logical construction of G.S. 50-16.9 is that it requires application of the G.S. 50-16.5 standards again at the time of the modification hearing. If the relevant circumstances in G.S. 50-16.5 list differ materially at the time from the circumstances which obtained at the time the initial order was entered, G.S. 50-16.9 authorizes the judge to modify

the order to more fairly accommodate the present circumstances of the parties. . . . We hold that the 'change of circumstances' in G.S. 50-16.9 refers to those circumstances listed in G.S. 50-16.5.

*Rowe v. Rowe*, 52 N.C. App. 646, 654, 280 S.E. 2d 182, 187 (1981), *aff'd in part, rev. in part and remanded*, 305 N.C. 177, 287 S.E. 2d 840 (1982). G.S. 50-16.5 requires that the trial court give due regard to the "estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case," and findings of fact to indicate proper consideration of each of these factors must be made to support an alimony award. *See Skamarak v. Skamarak*, 81 N.C. App. 125, 343 S.E. 2d 559 (1986).

The trial court properly made findings of fact comparing the original 1977 position of plaintiff to her present situation as to income, earnings, earning capacity and property holdings. The court did not make adequate findings as to Mrs. Self's present needs and the reasonableness of her expenses, stating "both parties introduced affidavits showing their respective monthly expenses but the Court makes no finding as to the reasonableness of these expenses."

A court's determination that a party is a "dependent spouse" must be based on the factors enumerated in G.S. 50-16.5. *Beaman v. Beaman*, 77 N.C. App. 717, 336 S.E. 2d 129 (1985). "[A] conclusion of law that there has been a substantial change of circumstances based only on income is inadequate and in error." *Britt*, 49 N.C. App. at 470, 271 S.E. 2d 921 at 926. In *Rowe* our court determined that it was error for a court to modify an alimony award based only on a change in the parties' earnings and stated:

> The significant inquiry is how [the] change in income affects a supporting spouse's ability to pay or a dependent spouse's need for support. The trial court should have considered the *ratio* of [plaintiff's] earnings to the funds necessary to maintain her accustomed standard of living. . . . The court's failure to consider, or to make findings of fact on, the ratio of [plaintiff's] earnings to her needs constitutes error. The court should have found as a fact that [plaintiff's] earnings now exceed her needs, and concluded therefrom that there has been a change in circumstances.

52 N.C. App. at 655, 280 S.E. 2d at 187 (emphasis original). Thus, we hold that the trial court's failure to make any findings regarding

SELF v. SELF

[93 N.C. App. 323 (1989)]

plaintiff's reasonable current financial needs and expenses and the ratio of those needs and expenses to her income constitute error. Its conclusions of law that plaintiff is no longer a "dependent spouse" and that there has been a substantial change in circumstances are therefore not supported by the findings of fact.

In this case, the defendant's ability to pay was not at issue. The trial court did not err in failing to make findings regarding defendant's current liabilities or expenses.

[2, 3]  Plaintiff next contends that the trial court erred in finding that in 1977 she had no independent estate of any value. She argues in her brief that the trial court could not consider plaintiff's independent estate 1) because it was not a consideration in the original order and this trial court was limited to the facts found in the original order; 2) because plaintiff's independent estate is irrelevant given the original finding that plaintiff and defendant owned various properties as tenants by the entireties; and 3) because the court failed to view the defendant's estate in a like fashion.

As we have previously stated, modification of an alimony award requires consideration of G.S. Section 50-16.5 standards. We do not believe this mandate limits a modifying court to only those findings of fact made by the court which entered the original alimony order or that the modifying court cannot make additional and independent findings of fact under G.S. 50-16.5 as to the parties' health and financial needs existing at the time of the original alimony order based on evidence presented at the modification hearing. In this case, evidence was presented that in 1977 plaintiff was not working at a job outside of the home and that all the property in which she had an interest was owned with defendant as tenants by the entirety. Based on these facts, the trial court's finding that plaintiff had no *independent* estate in 1977 is technically correct. Also, because the basis of this alimony modification was alleged to be plaintiff's changed financial needs and not defendant's ability to pay, an identical finding regarding defendant's independent estate is not necessary for a determination in this case.

We find error in the trial court's failure to make any findings as to plaintiff's current reasonable expenses and her income and earning capacity and the ratio between them.

Reversed in part and remanded for further findings in accord with this decision.

Reversed in part and remanded.

Chief Judge HEDRICK and Judge WELLS concur.