THOMAS MICHAEL KOWALICK, Plaintiff v. SUSAN GOLDENBERG KOWALICK, Defendant

No. COA97-704

(Filed 16 June 1998)

1. **Divorce and Separation § 351 (NCI4th)— child custody— modification—child's wishes—modification not error**

The trial court did not err by modifying a child custody order where the court found from the evidence that the child had consistently desired to live with her mother since the original custody order was entered, had indicated that she would be extraordinarily unhappy if the court did not recognize her request, and would continue her efforts to try to live with her mother. These findings support the conclusion that a substantial change of circumstances existed which would adversely affect the child's welfare unless the custody order was modified.

2. **Divorce and Separation § 291 (NCI4th)— alimony—change of child custody—changed circumstances**

A trial court order which changed child custody but did not reduce defendant's alimony obligation was remanded for findings demonstrating consideration of the change in custody as it relates to the alimony order. Child custody is one of the factors which must be considered by the trial court in determining the amount of alimony.

3. **Divorce and Separation § 291 (NCI4th)— alimony— dependency status—change of circumstances**

On remand of a child custody and alimony order, the trial court was required to make findings showing its consideration of the N.C.G.S. § 50-16.5 factors on which the parties presented competent evidence. Although dependent spouse status is not properly reconsidered on a section 50-16.9(a) motion to modify, the trial court is required to consider whether there has been a change in the circumstances of the parties which relates to the factors used in the original determination. N.C.G.S. § 50-16.5, although repealed, remains applicable because those factors were used in the original determination of the amount of alimony.

KOWALICK v. KOWALICK

[129 N.C. App. 781 (1998)]

**4. Divorce and Separation § 272 (NCI4th)— alimony—modification—earning capacity rather than income**

 A trial court order which did not reduce plaintiff's alimony obligation was remanded for findings where the court found that defendant had sold her business but had the present means and ability to obtain employment which would equalize her income to the level previously enjoyed, but failed to make findings as to whether defendant had depressed her income in bad faith.

**5. Divorce and Separation § 401 (NCI4th)— child support modification—changed income—no findings of bad faith**

 A trial court order modifying child support was remanded where the court erred in considering defendant's earning capacity without finding that defendant had deliberately depressed her income in bad faith or had otherwise disregarded her child support obligation.

**6. Divorce and Separation § 549 (NCI4th)— attorney fees— remand of underlying award—attorney fee award also remanded**

 An award of attorney fees to plaintiff in an action for modification of child support and alimony was remanded where the underlying order modifying support and alimony was remanded. A party seeking attorney fees must show that the child support and/or alimony modification was resolved in his favor and it remains to be seen whether plaintiff will successfully resist defendant's action for modification.

 Appeal by plaintiff from order entered 9 August 1996 and filed 9 October 1996, and cross-appeal by defendant from order entered 8 August 1996 and filed 9 October 1996 by Judge Ronald W. Burris in Moore County District Court. Heard in the Court of Appeals 24 February 1998.

 *Thomas Michael Kowalick, for plaintiff-appellant, pro se.*

 *Staton, Perkinson, Doster, Post, Silverman, Adcock & Boone, by Jonathan Silverman and Michelle A. Cummins, for defendant-appellant.*

 GREENE, Judge.

 Thomas Michael Kowalick (Plaintiff) appeals from the trial court's order modifying child custody, and Susan Goldenberg

Kowalick (Defendant) appeals from the trial court's order denying modification of alimony and modifying child support.

Plaintiff and Defendant were married 17 July 1982 and divorced 12 April 1993. Plaintiff was granted custody of the parties' three minor children (Ariel Rebecca Kowalick (Ariel), born 10 February 1983; Kassia Elizabeth Kowalick, born 10 September 1984; and Michael Thomas Kowalick, born 1 October 1987) in an order entered 24 April 1992. Defendant was ordered to pay $1,760.00 per month in child support, and this amount was increased to $2,260.00 per month in an order executed 6 December 1995. Defendant was also ordered to pay $440.00 per month in alimony.

On 12 June 1996, Defendant made a motion to modify custody seeking primary custody of Ariel. On 9 October 1996, an "Order Modifying Child Custody" (Custody Order) was entered in which the trial court found that Ariel (then thirteen years old) was "of suitable age and maturity to express a preference as to where she should reside and has consistently desired to live with her mother since the spring of 1996," and that Ariel had "indicated her strong desire to live with her mother and indicated that she would be extraordinarily unhappy if the court did not recognize her request and that she would continue her efforts to try to live with her mother." The trial court concluded that Ariel's desire to live with her mother constituted a substantial change in circumstances. After "considering the totality of the record and the evidence," including Plaintiff's concern over separating Ariel from her siblings, the trial court further concluded that "[n]ot moving Ariel will be detrimental to her best interests because of her emotional attachment at this time to her mother and her need for this court to appreciate the sincerity and significance of her request." The trial court "considered Ariel's best interest and concludes that each of the parties is a fit and proper person to have custody of Ariel . . . [but] that it is in Ariel's best interest for this court to modify the prior custody Orders . . . and to award [custody of Ariel] to [Defendant]." Plaintiff appeals this Custody Order.

Also on 9 October 1996, the trial court entered an "Order Denying Modification of Alimony and Awarding of [sic] Modification of Child Support" (Alimony/Child Support Order) pursuant to Defendant's motion filed 29 March 1996 requesting modification of her child support and alimony obligations. In the Alimony/Child Support Order, the trial court found that Defendant had sold her business since entry of the order granting alimony and child support. The trial court then found that Defendant's income had essentially remained the same,

because she "has the present means and ability to obtain employment which, coupled with her [actual income] would equalize her income to the salary level she previously enjoyed from her business." The trial court therefore denied Defendant's motion to modify her alimony payments. Finding that "a material change in circumstance has occurred in that the Court this date has modified the custody orders previously entered in that [Ariel] is now in the care of [Defendant]," the trial court ordered modification of the previous child support orders and reduced Defendant's child support obligation to $1,350.00 per month. Finally, in determining whether to award Plaintiff attorney's fees for defending Defendant's motion for modification of child support and alimony, the trial court found that Plaintiff's "income when supplemented by the alimony and child support does not equal his expenses," and "Plaintiff defended the motions before this Court in good faith." The trial court therefore awarded Plaintiff $525.00 in attorney's fees. Defendant appeals the Alimony/Child Support Order, contending that the trial court erred by refusing to reduce her alimony obligation, in calculating her child support obligation, and by awarding Plaintiff attorney's fees.

We note preliminarily that Plaintiff appeals only from the "Order entered on the 9th day of August, 1996, and executed on the 9th day of October, 1996" (*i.e.*, the Custody Order) and does not appeal the Alimony/Child Support Order (entered on the 8th day of August, 1996, and executed on the 27th day of September, 1996). Plaintiff's assignments of error as to the Alimony/Child Support Order are therefore not properly before this Court. *See* N.C.R. App. P. 3(d) ("The notice of appeal . . . shall designate the judgment or order from which appeal is taken . . . ."); *Johnson & Laughlin, Inc. v. Hostetler*, 101 N.C. App. 543, 546, 400 S.E.2d 80, 82 (1991) (noting that this Court lacks jurisdiction to hear an appeal which does not comply with Rule 3 of the North Carolina Rules of Appellate Procedure).

The issues on appeal are whether: (I) a substantial change in circumstances occurred supporting modification of the custody order; (II) changed circumstances occurred supporting modification of the alimony order; (III) Defendant's earning capacity could be considered absent a finding of bad faith; and (IV) Plaintiff is entitled to attorney's fees.

## I. Custody Modification

[1] An existing child custody order may be modified only where there is a substantial change in circumstances such that the "wel-

fare of the child will be adversely affected unless the custody provision is modified." *Wiggs v. Wiggs*, 128 N.C. App. 512, ——, 495 S.E.2d 401, 402 (1998) (quoting *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678-79 (1992)). Whether there has been a substantial change in circumstances is a legal conclusion. *Garrett v. Garrett*, 121 N.C. App. 192, 197, 464 S.E.2d 716, 720 (1995). If a substantial change in circumstances is shown, the trial court must consider whether modification of the custody order would be in the best interest of the child. *Ramirez-Barker*, 107 N.C. App. at 77, 418 S.E.2d at 678.

In this case, the trial court found from the evidence presented that since the original custody order was entered, Ariel "has consistently desired to live with her mother," and has "indicated that she would be extraordinarily unhappy if the court did not recognize her request and that she would continue her efforts to try to live with her mother." These findings support the trial court's conclusion that a substantial change of circumstances exists which would adversely affect Ariel's welfare unless the custody order was modified. *Cf. Reynolds v. Reynolds*, 109 N.C. App. 110, 112, 426 S.E.2d 102, 104 (1993) (noting that the trial court may consider "the wishes of a child of suitable age and discretion" in making the best interest determination). The trial court therefore did not err in modifying the Custody Order.

## II. Alimony Modification

**[2]** Alimony orders may not be modified absent a showing of changed circumstances. N.C.G.S. § 50-16.9 (1995). Only those changed circumstances which relate to the "factors used in the original determination of the amount of alimony awarded" are relevant. *Cunningham v. Cunningham*, 345 N.C. 430, 435, 480 S.E.2d 403, 406 (1997). Even where the moving party has met her burden to show relevant changed circumstances, however, the trial court is not required to modify an alimony award, but may do so in its discretion. *Robinson v. Robinson*, 10 N.C. App. 463, 468, 179 S.E.2d 144, 148 (1971).

### A. Child Custody

"Relevant circumstances" for consideration include "the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." N.C.G.S.

§ 50-16.5(a) (Editor's Note) (1995).[1] "[O]ther facts" include "the custodial parent's attendant caregiving and monetary obligations to [a] minor child." *Fink v. Fink*, 120 N.C. App. 412, 420, 462 S.E.2d 844, 851 (1995) (considering child custody in the dependency determination, and noting that other jurisdictions also consider child custody "in determining the amount of support awarded"), *disc. review denied*, 342 N.C. 654, 467 S.E.2d 710 (1996). The trial court must make findings of fact sufficiently specific "to indicate proper consideration" of relevant factors to the extent that evidence of relevant factors is presented by the parties. *Self v. Self*, 93 N.C. App. 323, 326, 377 S.E.2d 800, 801 (1989).

In this case, the trial court failed to make any findings demonstrating its consideration of the change in Ariel's custody as it relates to the alimony order. Child custody is one of the "other factors" which must be considered (where evidence has been presented) by the trial court in determining the amount of alimony; remand is therefore necessary to allow the trial court to do so.

### B. Dependency

[3] Defendant also contends that her alimony obligations should be modified because circumstances have changed in that Plaintiff is no longer a "dependent spouse." Plaintiff's status as a dependent spouse, however, was "permanently adjudicated by the original order," *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982), and "the trial court, on a modification hearing, does not retry the issues tried at the original hearing," *Cunningham*, 345 N.C. at 435, 480 S.E.2d at 406. Although dependent spouse status is not properly reconsidered on a section 50-16.9(a) motion to modify, the trial court is required, as noted above, to consider whether there has been a change in the circumstances of the parties which relates to the "factors used in the original determination of the amount of alimony awarded." *Id.* We note that the trial court may, if a change in circumstances is found to exist, reduce the amount of alimony to zero, but such modification does not result in the loss of dependent spouse status.

---

1. We note that section 50-16.5 has been repealed and section 50-16.3A now addresses alimony generally; however, section 50-16.5 still applies to future motions in the cause seeking to modify orders or judgments in effect on 1 October 1995. 1995 Sess. Laws ch. 319, § 12. Since the alimony and child support orders Defendant seeks to modify were entered prior to 1 October 1995, section 50-16.5 remains applicable to this case. *See Barham v. Barham*, 127 N.C. App. 20, 26, 487 S.E.2d 774, 778 (1997), *aff'd per curiam*, 347 N.C. 570, 494 S.E.2d 763 (1998).

On remand, the trial court should make findings showing its consideration of the section 50-16.5 factors on which the parties have presented competent evidence. Again, we note that section 50-16.5, although repealed, remains applicable to this case, because the section 50-16.5 factors were used in the original determination of the amount of alimony awarded.

### C. Earning Capacity

[4] Finally, Defendant contends that the trial court improperly considered her earning capacity, rather than her actual income, in determining her alimony obligation. Alimony is ordinarily determined by a party's *actual* income, from all sources, at the time of the order. *See Wachacha v. Wachacha*, 38 N.C. App. 504, 507-08, 248 S.E.2d 375, 377-78 (1978). To base an alimony obligation on earning capacity rather than actual income, the trial court must first find that the party has depressed her income in bad faith. *Id.*

In this case, the trial court found that Defendant had sold her business since entry of the order granting alimony. The trial court then found that Defendant's income had essentially remained the same, because she "has the present means and ability to obtain employment which, coupled with her [actual income] would equalize her income to the salary level she previously enjoyed from her business." The trial court failed, however, to make any findings as to whether Defendant had depressed her income in bad faith. Absent such findings, the trial court could not base its determination of Defendant's alimony obligation on Defendant's earning capacity. Accordingly, we must remand for the trial court to make the requisite findings and to reconsider Defendant's alimony obligation.

### III. Child Support Modification

[5] Child support orders may not be modified absent a showing of changed circumstances. N.C.G.S. § 50-13.7(a) (1995).

In this case, the trial court properly found that the change in Ariel's custody constituted a changed circumstance supporting modification of Defendant's child support obligation. Having determined that a changed circumstance existed, the trial court proceeded to modify the amount of child support.

In modifying the amount of a child support obligation, the trial court must generally consider a party's *actual* income. *Ellis v. Ellis*, 126 N.C. App. 362, 364, 485 S.E.2d 82, 83 (1997). The trial court may

only consider a party's *earning capacity* if it finds that the party was "acting in bad faith by deliberately depressing her income or otherwise disregarding the obligation to pay child support." *Shroader v. Shroader*, 120 N.C. App. 790, 794, 463 S.E.2d 790, 792 (1995).

In this case, the trial court erred in considering Defendant's earning capacity without finding that Defendant had deliberately depressed her income in bad faith or had otherwise disregarded her child support obligation. We therefore remand for entry of findings on this issue, and for recalculation of the amount of Defendant's child support obligation if necessary.

### IV. Attorney's Fees

[6] Since we remand for additional findings and entry of new alimony and child support orders, it remains to be seen whether Plaintiff will successfully resist Defendant's action for modification. A party seeking attorney's fees must show that the child support and/or alimony modification action was resolved in his favor. *See Walker v. Tucker*, 69 N.C. App. 607, 613, 317 S.E.2d 923, 928 (1984) (quoting *Daniels v. Hatcher*, 46 N.C. App. 481, 485, 265 S.E.2d 429, 432 (1980)) (child support); *Barham*, 127 N.C. App. at 30, 487 S.E.2d at 780 (alimony). We therefore reverse and remand the trial court's award of attorney's fees to Plaintiff. On remand, the trial court may again consider whether either party is entitled to attorney's fees.

Custody Order—Affirmed.

Alimony/Child Support Order—Reversed and remanded.

Attorney's Fees—Reversed and remanded.

Judges WALKER and TIMMONS-GOODSON concur.