DEBORAH DODSON, Plaintiff v. DAVID DODSON, Defendant

No. COA06-969-2

(Filed 6 May 2008)

**1. Divorce— alimony—modification—increase in income— surrounding factors**

In an alimony modification proceeding, the trial court correctly found that plaintiff's income had increased, but failed to consider all of the factors surrounding the increase in her income. The court's failure to make findings of fact about

plaintiff's reasonable current financial needs and expenses and the ratio of those needs and expenses to her income constituted error.

**2. Divorce— alimony—modification—reduction of supporting spouse to poverty**

Alimony payments cannot reduce the supporting spouse to poverty. In this case, the trial court's calculation of defendant's income was erroneous, and, since it appears that defendant's current salary is insufficient to pay his reasonable monthly expenses plus his alimony payment, the trial court abused its discretion in the award.

**3. Divorce— alimony modification—change in circumstances and expenses—findings**

In an alimony proceeding, the trial court incorrectly found that plaintiff's fixed expenses increased, and failed to make findings on a number of issues, including the standard of living in the latter half of the parties' marriage, mortgage payments and rental expenses, and rental payments received by plaintiff from adult children residing with her.

Appeal by defendant from order entered 12 August 2005 by Judge Donna Stroud in Wake County District Court. Originally heard in the Court of Appeals on 8 May 2007. An opinion affirming the order of the trial court was filed by this Court on 7 August 2007. Petition for Rehearing by defendant was filed on 22 August 2007, granted on 29 November 2007, and heard without additional briefs or oral argument. This opinion supersedes the previous opinion filed on 7 August 2007.

*No brief filed for plaintiff-appellee.*

*Shanahan Law Group, by Brandon S. Neuman & Kieran J. Shanahan, for defendant-appellant.*

CALABRIA, Judge.

This matter was previously heard and a decision was rendered by this Court on 8 May 2007. Pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure, this Court granted defendant's petition for rehearing and subsequently obtained a complete transcript of the trial court proceedings. The issue for this Court is whether the trial court erred in calculating the correct amount of

David Dodson's ("defendant") alimony liability when the court modified the alimony order.

Deborah Dodson ("plaintiff") and defendant (collectively, "the parties") were married on 8 October 1977 and separated on 28 January 2002. Prior to the parties' divorce on 30 April 2004, plaintiff filed a complaint requesting post separation support, alimony, and attorney's fees. The parties entered into an arbitration agreement regarding alimony, equitable distribution, and attorney's fees. At the time of the arbitration hearing on 10 May 2004, two of the parties' three children had reached the age of majority, and two of them lived with the plaintiff. One of the children living with the plaintiff was home-schooled at the age of eighteen and the other child was the parties' minor child with severe medical conditions requiring supervision.

Since plaintiff was unemployed at the time of the arbitration, the arbitrator imputed plaintiff's income at the rate of $6.00 per hour for thirty hours a week and determined plaintiff's reasonable and necessary living expenses were approximately $2,330.00 per month. The arbitrator further determined that defendant had the ability to pay alimony in the amount of $2,200.00 per month based on his salary and monthly expenses. On 4 June 2004, the arbitrator ordered defendant to pay alimony in the amount of $2,200.00 per month for ten years as well as attorney's fees in the amount of $5,739.99. On 16 July 2004, the trial court confirmed the arbitrator's decision regarding the amount and the duration of the alimony and awarded attorney's fees.

On 17 August 2004, defendant filed motions for tax exemptions and a modification of the alimony award, alleging a change in circumstances. The circumstances included, *inter alia*, the children were no longer minors, plaintiff's monthly income was actually higher, and defendant's income was substantially lower than the amounts the arbitrator had determined.

On 12 August 2005, the trial court denied the motion requesting dependency tax exemptions for the 2003 and 2004 tax years because all three children had reached the age of majority and the defendant's child support obligation had terminated. On that same date, the trial court granted defendant's motion to modify alimony due to his reduction in income. His monthly alimony payments were modified from $2,200.00 per month to $1,826.00 per month.

On 22 August 2005, defendant filed a motion to reconsider the 12 August 2005 order modifying alimony. On 10 February 2006, the

DODSON v. DODSON

[190 N.C. App. 412 (2008)]

trial court denied most of defendant's requests and preserved the amount of alimony from the previous alimony order in the amount of $1,826.00 per month. From the 12 August 2005 order, defendant appeals.

Defendant contends that the trial court erred by (I) failing to consider plaintiff's increased income; (II) incorrectly calculating defendant's income; and (III) increasing the amount of plaintiff's fixed household expenses when modifying defendant's alimony obligation.

## I. Standard of Review

"Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citing *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982)). The review of the trial court's findings are limited to "whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990) (quoting *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986)).

Pursuant to N.C. Gen. Stat. § 50-16.9 (2005), an award of alimony may be modified upon a showing of changed circumstances. Our case law interpreting N.C. Gen. Stat. § 50-16.9 reveals:

> it is apparent that not *any* change of circumstances will be sufficient to order modification of an alimony award; rather, the phrase is used as a term of art to mean a *substantial* change in conditions, upon which the moving party bears the burden of proving that the present award is either inadequate or unduly burdensome.

*Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E.2d 921, 926 (1980) (citations omitted).

## II. Plaintiff's Increased Income

[1] Defendant argues the trial court failed to consider the increase in plaintiff's income at the modification hearing when defendant's alimony obligation was modified. We agree.

The trial court must consider the income that the dependent spouse generates in assessing whether and to what extent to modify the alimony payments. *Sayland v. Sayland*, 267 N.C. 378, 382, 148 S.E.2d 218, 222 (1966). When a determination is made that there has

been a change in circumstances that mandates a modification of alimony, the trial court should consider all factors which were relevant to the original determination of the alimony amount. *Broughton v. Broughton*, 58 N.C. App. 778, 781, 294 S.E.2d 772, 776 (1982). However, it is error to modify alimony based on only one factor, such as a change in a party's income. *Id.* at 474, 271 S.E.2d at 928. Rather, "[t]he present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award in order to determine if there has been a substantial change." *Id.* Our Supreme Court previously determined that it was error for a trial court to modify an alimony award based solely on a change in the parties' earnings and held:

> A modification should be founded upon a change in the overall circumstances of the parties. A change in income alone says nothing about the total circumstances of a party. The significant inquiry is how that change in income affects a supporting spouse's ability to pay or a dependent spouse's need for support. The trial court should have considered the *ratio* of defendant's earnings to the funds necessary to maintain her accustomed standard of living.

*Rowe v. Rowe*, 52 N.C. App. 646, 655, 280 S.E.2d 182, 187 (1981), *aff'd in part, rev. in part and remanded*, 305 N.C. 177, 287 S.E.2d 840 (1982); *see also Self v. Self*, 93 N.C. App. 323, 326-27, 377 S.E.2d 800, 801-02 (1989). In addition, "the question of alimony . . . is a question of fairness to all the parties." *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E.2d 407, 413 (1976).

In the instant case, the uncontradicted evidence shows that plaintiff's income increased from an imputed net income of $600.00 to an actual net income of $1,725.28 per month. While the trial court correctly found that plaintiff's income increased, the trial court failed to consider all factors surrounding the increase in plaintiff's income, such as how her change in income affects her "need for support" when determining the modified alimony payment. *Rowe*, 52 N.C. App. at 655, 280 S.E.2d at 187. Therefore, we conclude the trial court's failure to make findings of fact regarding plaintiff's reasonable current financial needs and expenses and the ratio of those needs and expenses to her income constituted error.

III. The Calculation of Defendant's Income

[2] Defendant next argues that the trial court's calculation of his annual income as $53,910.00 was error. We agree.

**DODSON v. DODSON**

[190 N.C. App. 412 (2008)]

At the 12 August 2005 hearing, the court reviewed a pay stub dated 15 April 2005 and found that defendant's annual income was 17 percent less than at the time of the prior order. The court divided the year-to-date earnings ($15,508.36) from that pay stub by 105 days then annualized that amount to reach $53,910.00. However, this pay stub included an annual bonus ($1,428.59) that, when annualized, falsely inflated defendant's income. Additionally, the year-to-date earnings shown on the pay stub reflected earnings through 22 April 2005, making it proper to divide the year-to-date amount by 112, rather than 105, before annualizing to reach an annual income. Calculated correctly plaintiff's yearly income would be $47,312.38 ((($15,508.36—$1,428.59) / 112 * 365) + $1,428.59). This calculation shows a decrease in defendant's income not by 17 percent, but by at least 27 percent.

Therefore, defendant's net monthly income is $3,371.00, rather than $3,841.08, the amount the trial court calculated as his monthly income in the August 2005 order. The arbitrator determined defendant's reasonable and necessary living expenses were approximately $2,300.00 per month. Thus, after deducting defendant's $1,826.00 monthly alimony payment from his net monthly income, defendant is left with a negative balance. Alimony payments cannot reduce the supporting spouse to poverty. *See Quick*, 305 N.C. at 457, 290 S.E.2d at 661 ("A spouse cannot be reduced to poverty in order to comply with an alimony decree."). Since it appears from the record that defendant's current salary is insufficient to pay his reasonable monthly expenses in addition to his alimony payments, we conclude the trial court abused its discretion in the alimony award.

IV. Plaintiff's Fixed Household Expenses

[3] Defendant next argues that the trial court incorrectly found that plaintiff's fixed expenses increased by $630.50. We agree.

The trial court appears to have calculated $630.50 by determining the difference between plaintiff's present rent and her one-half mortgage payment on the marital home. Defendant correctly contends that absent further findings, this calculation is not supported by competent evidence.

It is well established that, as much as possible, alimony should allow the dependent spouse to maintain his or her accustomed standard of living that was attained during the marriage. *Id.* at 453, 290 S.E.2d at 658. However, in the instant case, the trial court failed to

make findings concerning the parties' standard of living at the latter half of their marriage, plaintiff's present standard of living, whether the cost of rent in South Carolina was anticipated and included in the arbitrator's initial award of alimony, and whether the contributions of others should be accounted for when determining plaintiff's reasonable monthly expenses. Prior to their separation and divorce, the parties lived in a manufactured home. It is unclear from the record whether the three-bedroom house in which plaintiff currently resides increases plaintiff's standard of living. If so, the burden of this higher standard of living should not be borne by the defendant. *Id.*

Additionally, the trial court's findings appear to indicate that the arbitrator only allocated one-half of the mortgage payment towards plaintiff's reasonable monthly expenses. The evidence indicates that rental values in North Carolina and South Carolina were presented to the arbitrator when alimony was initially determined. Further, the arbitrator ordered the sale of the marital home, therefore he anticipated that both parties would reside elsewhere. Presumably with this in mind, he did not calculate their mortgage payment as a housing cost going forward when determining their monthly expenses.

Finally, the trial court erred by not making findings concerning the additional support plaintiff receives in meeting her monthly expenses. When determining the amount and duration of alimony, the court, when relevant, shall consider the contribution of others to assess a dependent spouse's financial need. N.C. Gen. Stat. § 50-16.3A (2005). Our case law reveals that in order for third-party income to substantially contribute to a dependent spouse's income, the additional income must be reliable, *Fink v. Fink*, 120 N.C. App. 412, 426, 462 S.E.2d 844, 854 (1995), and the income must be used for household support. *Broughton*, 58 N.C. App. at 786, 294 S.E.2d at 778. In this case, the contributions by the parties' adult children may meet those requirements, though it is unclear what amount each child used for his or her own needs, and what amount was used to supplement plaintiff's needs. This also hinges on a determination of the change in standard of living. If the court determines that the dependent spouse has raised her standard of living, these contributions by the adult children may be a means of supporting that increase.

Therefore, after a careful review of the record and transcript, we conclude there is no competent evidence to support the trial court's finding of fact that plaintiff's fixed household expenses have increased by $630.50 based upon her change in residence.

**DODSON v. DODSON**

[190 N.C. App. 412 (2008)]

V. Conclusion

The trial court abused its discretion in determining the amount of defendant's alimony liability in the modification order. When modifying an alimony order the court should evaluate all changes in circumstances. *Britt,* 49 N.C. App. at 474, 271 S.E.2d at 928. Neither party should be forced to bear an unfair burden. *Beall,* 290 N.C. at 679, 228 S.E.2d at 413. More importantly, neither party should be forced to deplete their assets and be reduced to poverty to maintain the support of the other. *Quick,* 305 N.C. at 457, 290 S.E.2d at 661. In the present case, the court incorrectly determined that the defendant's net monthly income was $3,841.08 and reasonable monthly expenses were $2,300.00. The correct amount of defendant's net monthly income should have been $3,371.00 and his reasonable monthly expenses were at least $2,300.00. After defendant pays his monthly alimony obligation of $1,826.00, the balance remaining to meet his reasonable monthly expenses of $2,300.00 is $1,545.05. Thus, defendant is left with a negative cash flow. However, plaintiff's net monthly income, including alimony, totals $3,314.28. If her monthly expenses of less than $3,000.00 are deducted, a positive balance in the amount of at least $314.00 remains. Defendant should not be forced to deplete his assets, while at the same time plaintiff is left with a surplus.

We reverse and remand this matter to the trial court to correct the amount of defendant's yearly income. We also remand to the trial court to determine plaintiff's reasonable and necessary living expenses, considering both her accustomed standard of living during the latter years of the parties' marriage and the rental payments she currently receives from her adult children residing with her.

Reversed and remanded with instructions.

Judges WYNN and TYSON concur.